IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| SHAZETTE V., <br><br> Plaintiff, <br><br> vs. <br><br> FRANK BISIGNANO, <br> Commissioner of Social Security, <br><br> Defendant. | Case No. 1:25-cv-00055-CMR <br><br> **MEMORANDUM DECISION AND ORDER REVERSING AND REMANDING ALJ DECISION** <br><br> Chief Magistrate Judge Cecilia M. Romero |

All parties in this case have consented to the undersigned conducting all proceedings (ECF 10). 28 U.S.C. § 636(c). Plaintiff Shazette V. (Plaintiff), pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Commissioner of Social Security (Commissioner) denying her claim for supplemental security income (SSI) under Title XVI of the Social Security Act (Act). After careful review of the record (Certified Administrative Record (Tr.), ECF 12), the parties' briefs (ECF 15, 19, 23), the undersigned concludes that the Commissioner's decision is not supported by substantial evidence. For the reasons discussed below, the court hereby GRANTS Plaintiff's Motion for Review of Agency Action (ECF 15) and REVERSES and REMANDS the decision of the Commissioner.

## I.    BACKGROUND

Plaintiff was 25 years old on her disability onset date of December 11, 2003 (Tr. 104). Plaintiff filed application for SSI on May 25, 2022, alleging disability due to numerous impairments (*id.*). The ALJ followed the Commissioner's five-step sequential evaluation process for disability claims.  *See* 20 C.F.R. § 404.1520(a)(4). In a decision dated June 6, 2024, the ALJ

determined at step two that Plaintiff had severe impairments of heart failure, cardiac dysrhythmias, status-post pacemaker implantation, asthma, depression, anxiety, and posttraumatic stress disorder (PTSD) (Tr. 21). The ALJ found that Plaintiff's right lumbar radiculopathy, trichotillomania, blepharospasm, and migraine headaches were non-severe impairments (Tr. 21).

At step three, the ALJ considered Plaintiff's physical impairments under Listings 3.03A, 3.03B, 3.02, 4.02, and 4.05, finding the criteria not met (Tr. 22). The ALJ considered Plaintiff's mental impairments under Listings 12.04, 12.06, and 12.15, finding mild limitation in understanding, remember, or applying information; and moderate limitations in interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself (Tr. 22–23). The ALJ next determined that Plaintiff had the residual functional capacity (RFC) to perform light work with additional limitations including: "She is able to perform jobs that are less-than-detailed, consisting of multi-step tasks easily resumed after momentary distraction. She is able to perform jobs with little in the way of change in job processes from day-to-day. She is able to perform jobs that do not require more than occasional work-related interaction with the public, coworkers, and supervisors" (Tr. 23–24).

The ALJ found at step four that Plaintiff had no past relevant work (Tr. 27). Consistent with vocational expert testimony, the ALJ found at step five that Plaintiff could perform jobs existing in significant numbers in the national economy (Tr. 28–29). The ALJ therefore concluded that she was not disabled and denied disability benefits (Tr. 29). The ALJ decision became the Commissioner's final decision when the agency's Appeals Council denied her request for review. *See id.* § 404.981. The court has jurisdiction under 42 U.S.C. § 405(g).

## II.    STANDARD OF REVIEW

"On judicial review, an ALJ's factual findings [are] 'conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (quoting 42 U.S.C. § 405(g)). The substantial evidence threshold "is not high," and "defers to the presiding ALJ, who has seen the hearing up close." *Id.* at 103, 108. Substantial evidence is "more than a mere scintilla" and "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Under this deferential standard, the court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). However, "[f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quoting *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984)).

## III.    DISCUSSION

On appeal, Plaintiff argues that the ALJ erred in failing to adequately address Plaintiff's blepharospasm and migraine headaches at step two, which then impacted the subsequent steps, including the RFC determination (ECF 15, Plaintiff's Brief (Pl. Br.) at 5, 13). The Commissioner responds that the ALJ reasonably found that Plaintiff did not meet her burden of establishing that these impairments were severe at step two and that any resulting error in the RFC determination was harmless (ECF 19, Defendant's Brief (Def. Br.) at 6, 10). The Commissioner concedes that "the ALJ did not discuss the evidence regarding migraine headaches at step two" (Def. Br. at 9) and that the ALJ "did not accurately describe the Plaintiff's hearing testimony regarding migraine headaches" in the RFC determination (Def. Br. at 2, 11). For the reasons stated herein, the court

agrees with Plaintiff that the ALJ's lack of analysis regarding Plaintiff's migraine headaches was error, requiring remand. As the court finds remand warranted based on this issue, and considering this error was in the early stages of the sequential process, the court does not address the additional arguments raised by the parties.

An impairment or combination of impairments is severe when it "significantly limits [his] ability to do basic work activities." 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is not severe if it does not significantly limit one's physical or mental ability to do basic work activities that include understanding, carrying out and remembering simple instructions, using judgment, responding appropriately to supervision and coworkers in the usual work situations, and dealing with changes in routine work setting. *See* 20 C.F.R. § 404.1522. Plaintiff bears the burden of proving that an impairment meets the regulatory framework definition of severe. *Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997). A claimant must only make a "de minimus" showing to advance beyond step two. *Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir. 2004).

Here, the ALJ found at step two that Plaintiff's migraine headaches were non-severe impairments that "do not significantly limit [Plaintiff's] ability to perform basic work activities" (Tr. 21).  As conceded by the Commissioner (Def. Br. at 9), the ALJ provides no discussion of the medical evidence, work-related limitations, or other reasons at step two to explain the conclusion that Plaintiff's migraine headaches were non-severe. Further, as also conceded by the Commissioner (Def. Br. at 2, 11), the ALJ did not accurately describe Plaintiff's testimony regarding her migraine headaches in the RFC analysis. Specifically, the ALJ incorrectly stated that Plaintiff "described migraine headaches that may last a day or more, though she typically described these headaches as rare and she has never required hospitalization or neurological

intervention related to her reported headaches" (Tr. 24). However, Plaintiff testified that she has migraine headaches "like about three times a week" lasting "anywhere from a few hours to a few days" (Tr. 65) and that she had visited the emergency room for a migraine approximately five times with no overnight hospitalizations (Tr. 66).

Plaintiff argues that the ALJ's failure to properly consider her migraine headaches was harmful because courts have held that consistent migraine headaches can preclude work on a "regular and continuing basis" (Pl. Br. at 17 (quoting *Andria N. C. v. Saul*, No. CV 20-1163-JWL, 2021 WL 2222681, at *5 (D. Kan. June 2, 2021) (reversing and remanding where ALJ failed to address whether claimant's migraines "would require missing less than two days work per month on a regular and continuing basis"); citing *Anderson v. Saul*, No. CIV-19-18-STE, 2019 WL 4738266, at *7 (W.D. Okla. Sept. 27, 2019) (reversing and remanding where the ALJ "failed to discuss [claimant's] testimony, failed to provide evidentiary support to his conclusions, and provided misleading rationales" regarding claimant's migraine headaches)). Plaintiff also points to medical evidence of the persistency of Plaintiff's migraine headaches (Pl. Br. at 15–16 (citing Tr. 377, 401, 411, 423–24, 567)). The Commissioner responds any error at step two is harmless because there is insufficient evidence to support a different result (Def. Br. at 9).

The court finds that there is insufficient analysis in the ALJ's decision to determine whether the ALJ properly evaluated Plaintiff's migraine headaches. In reviewing under the substantial evidence standard, "the court is mindful that '[t]he ALJ's decision should be evaluated based solely on the reasons articulated in the decision.'" *See Ann S. v. Kijakazi*, No. 2:20-cv-00841-JCB, 2022 WL 204596, at *3 (D. Utah Jan. 24, 2022) (quoting *Robinson v. Barnhart*, 366 F.3d 1078, 1084–85 (10th Cir. 2004)). The ALJ's step-two findings in this case do not reflect that the ALJ adequately considered Plaintiff's migraine headaches. Although the ALJ referenced

5

Plaintiff's migraine headaches in the RFC analysis, it is unclear whether the ALJ sufficiently considered this impairment given that the ALJ inaccurately described Plaintiff's testimony about her symptoms and treatment (Tr. 24). To conclude otherwise would require mere speculation regarding the ALJ's analysis. Remand is therefore necessary for the ALJ to properly evaluate Plaintiff's migraine headaches at step two and subsequent steps if necessary.

## IV.    CONCLUSION AND ORDER

For the reasons above, the Commissioner's decision is REVERSED, and this matter is REMANDED for further administrative proceedings consistent with this Memorandum Decision and Order. Judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the U.S. Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296–304 (1993).

DATED this 18 March 2026.

Chief Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah